Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAUN JERMAINE ESTES,

        Plaintiff(s),

vs.

AMTRAK POLICE DETECTIVE MADHU KURUP,

        Defendant(s).

Case No.   3:16-cv-272

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

COMES NOW, SHAUN JERMAINE ESTES, ("Estes" or "Plaintiff"), by and through the undersigned counsel, and files the following complaint seeking redress for the violation by AMTRAK POLICE DETECTIVE MADHU KURUP ("Kurup" or "Defendant") of Estes' right to be free from unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution.

### Jurisdiction

1. This action arises under 42 U.S.C. § 1983.
2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

1

3.  The Court has personal jurisdiction over the Defendant because the alleged incidents occurred within this District.

### Venue

4.  Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Nevada because the acts giving rise to the Plaintiff's claims occurred in this District.

### Parties

5.  Estes currently resides in Fort Smith, Arkansas.

6.  Kurup is a Police Detective employed by Amtrak (National Railroad Passenger Corporation) and is stationed in Reno, Nevada. Kurup was at all times relevant herein acting under color of state law as described below. Kurup was acting within the scope of his employment with Amtrak Police at the time of the incident complained of herein. Kurup is sued in his individual capacity.

7.  Pursuant to Nevada Revised Statutes ("NRS") 289.330, Kurup is a person commissioned and appointed to serve as an Amtrak police officer pursuant to subsection 1 of NRS 705.220, and has the powers of a peace officer upon the premises or property owned or operated by Amtrak. Per NRS 289.010(3), "peace officer" means any person upon whom some or all of the powers of a peace officer are conferred pursuant to NRS 289.150 to 289.360, inclusive, i.e. the statutory scheme that applies to peace officers in Nevada generally.

8.  49 U.S.C. § 24305(e) provides the following:

> Amtrak may directly employ or contract with rail police to provide security for rail passengers and property of Amtrak. Rail police directly employed by or contracted by Amtrak who have complied with a State law establishing requirements applicable to rail police or individuals employed in a similar position may be directly employed or contracted without regard to the law of another State containing those requirements.

9.  The law enforcement authority of the state of Nevada is granted to Amtrak police. Amtrak's employment of Kurup involves a utilization of Nevada law enforcement authority sufficient to satisfy the "state action" requirement of 42 U.S.C. 1983. See *Merola v. National R. Passenger Corp.*, 683 F. Supp. 935, 1988 (S.D.N.Y. 1988) and *Jacobson v. AMTRAK,*

1999 U.S. Dist. LEXIS 18754, 1999 WL 1101299 (N.D. Ill. Nov. 24, 1999).

## Statement of Facts

10. On December 4, 2014, in Reno, Nevada, Kurup contacted Estes while he was on the Amtrak train platform smoking a cigarette and talking on his cell phone.

11. Estes was traveling by train from his home in Arkansas to Oakland, California to visit family members for the holidays.

12. Kurup reviewed passenger booking records for the train that Estes was traveling on and found that Estes' one-way ticket had been purchased with a credit card in another person's name. Kurup considered this to be an indicator of an intent to transport illegal contraband and/or profits made from the sales of illegal contraband.

13. During a stop of the train at the station in Reno, Kurup approached Estes on the train platform and directed Estes to get off the phone. Estes complied.

14. Kurup then asked Estes for consent to search his room and belongings. Estes refused.

15. Kurup then told Estes that a police dog would be deployed in the area of Estes' room on the train and if the dog gave a positive alert, Estes' belongings would be seized and a search warrant would be obtained.

16. A police dog was led by Estes' room. The dog showed interest outside of the room, but did not alert at Estes' room.

17. Kurup knew that he could not seize Estes' belongings and obtain a search warrant due to the lack of a positive alert by the dog.

18. Kurup did not advise Estes that the dog had not alerted on Estes' room.

19. Kurup told Estes that the dog had shown interest in Estes' room.

20. Kurup has claimed that Estes orally consented to the search of his room and belongings.

21. Estes did not give Kurup consent to search his room and belongings at any time.

22. At no time was Estes told of his right to refuse consent.

23. Kurup searched Estes room and belongings and Estes was arrested.

3

24. On April 18, 2016, the Honorable Judge Hicks issued an Order in UNITED STATES OF AMERICA v. SHAUN JERMAINE ESTES, in Case No. 3:15-CR-00015-LRH-VPC, dismissing an indictment against Estes and concluding that a clear lack of probable cause existed for Kurup's search of Estes' room and belongings.

25. The Plaintiff has suffered damages as a result of the conduct of the Defendants.

26. Pursuant to Kurup' unlawful search, the Plaintiff was held at the Washoe County Jail for approximately 1 year and 1 month until his release in mid April of 2016. During this time, the Plaintiff lost his home and almost all of his belongings because he was evicted from his apartment in Arkansas and was unable to retrieve his belongings.

## Claim For Relief

### *Unlawful Search and Seizure in violation of the Fourth Amendment*

27. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

28. As a direct and proximate result of the unlawful search, seizure, and the Plaintiff's arrest, the Plaintiffs suffered and continues to suffer severe mental anguish and emotional trauma in connection with the deprivation of the constitutional right guaranteed by the Fourth Amendment of the Constitution.

29. Kurup's search and seizure of Estes violated the Fourth Amendment because it was unreasonable and interfered with Estes' expectation of privacy and security. *United States v. Thomas*, 726 F.3d 1086, 1092-93 (9th Cir.2013).

30. At the time of Estes' arrest, his right to be free from unreasonable search and seizure was a clearly established Constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

31. Kurup acted unreasonably and in reckless disregard for the truth and Estes' rights in wrongfully seeking and carrying out an illegal search of Estes' room and belongings.

32. As a result of Kurup's acts as described above, Kurup deprived Estes of his right to be free from unlawful search and seizure, in violation of the Fourth Amendment to

the Constitution of the United States, causing damages to Estes.

33. The acts of Kurup described above were dishonest, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

34. In addition to the relief requested above, the Plaintiff requests relief as described in the prayer for relief below.

WHEREFORE, the Plaintiff requests that this Court:

a. Enter a declaratory judgment that the actions complained of herein are unlawful and violate the United States Constitution.

b. Order Defendant to pay the compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful actions, in amounts to be proven at trial;

c. Order Defendant to pay compensatory damages for the Plaintiff's lost property and emotional pain and suffering, in an amount to be proven at trial;

d. Order Defendant to pay exemplary and punitive damages;

e. Order Defendant to pay attorneys' fees and costs of the action pursuant to 42 U.S.C. 1988;

f. Order Defendant to pay interest at the legal rate on such damages as appropriate; and

g. Grant any further relief that the Court deems just and proper.

Respectfully submitted this May 19, 2016

By: _____
Luke Busby
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

## DECLARATION

I, SHAUN JERMAINE ESTES, declare that the assertions in this Declaration are true and correct and based upon my personal knowledge:

1. I am the Plaintiff in the foregoing action;

2. I have read the foregoing COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF ("COMPLAINT") and know the contents thereof in so far as they relate to my personal knowledge of the Statement of Facts described above;

3. I am competent to testify thereto;

4. The contents of the COMPLAINT are true and correct to the best of my knowledge, information, and belief;

I declare under penalty of perjury that the foregoing Declaration is true and correct.

Dated: 5-19-16                             By: *Shaun Estes*

                                           SHAUN JERMAINE ESTES