John D. Moore, Esq.
Nevada State Bar No. 8581
MOORE LAW GROUP, PC
3715 Lakeside Drive, Suite A
Reno, NV  89509
Telephone (775) 336-1600
Fax (775) 336-1601
john@moore-lawgroup.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAUN JERMAINE ESTES,<br><br>Plaintiff,<br><br>vs.<br><br>AMTRAK POLICE DETECTIVE MADHU KURUP,<br><br>Defendant. | Case No. 3:16-CV-00272-MMD-WGC<br><br>**ANSWER**<br><br>JURY DEMANDED |

COMES NOW Defendant Madhu Kurup ("Kurup" or "Defendant") and answers Plaintiff's Complaint for Damages and Declaratory Relief ("Complaint") as follows:

**Jurisdiction**

1.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph one of Plaintiff's Complaint and therefore denies the same on that basis.

2.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph two of Plaintiff's Complaint and therefore denies the same on that basis.

3.     Defendant is without sufficient information or knowledge to form a belief as to the

1

truth or falsity of the allegations of paragraph three of Plaintiff's Complaint and therefore denies the same on that basis.

### Venue

4.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph four of Plaintiff's Complaint and therefore denies the same on that basis.

### Parties

5.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph five of Plaintiff's Complaint and therefore denies the same on that basis.

6.     Defendant admits the allegation in paragraph six of Plaintiff's Complaint that Kurup is a Police Detective employed by Amtrak (National Railroad Passenger Corporation) and is stationed in Reno, Nevada.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph six of Plaintiff's Complaint and therefore denies the same on that basis.

7.     No answer is required for the allegations in paragraph seven of Plaintiff's Complaint, however, if an answer is required, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph seven of Plaintiff's Complaint and therefore denies the same on that basis.

8.     No answer is required for the allegations in paragraph eight of Plaintiff's Complaint, however, if an answer is required, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph eight of Plaintiff's Complaint and therefore denies the same on that basis.

9.   No answer is required for the allegations in paragraph nine of Plaintiff's Complaint, however, if an answer is required, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph nine of Plaintiff's Complaint and therefore denies the same on that basis.

### Statement of Facts

10.   Defendant admits the allegation in paragraph ten of Plaintiff's Complaint that states "On December 4, 2014, in Reno, Nevada, Kurup contacted Estes while he was on the Amtrak train platform smoking a cigarette." Defendant denies the remaining allegations of paragraph ten of Plaintiff's Complaint.

11.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph eleven of Plaintiff's Complaint and therefore denies the same on that basis.

12.   Defendant admits the allegations of paragraph twelve of Plaintiff's Complaint.

13.   Defendant admits the allegations in paragraph thirteen of Plaintiff's Complaint that states "During a stop of the train at the station in Reno, Kurup approached Estes on the train platform." Defendant denies the remaining allegations of paragraph thirteen of Plaintiff's Complaint.

14.   Defendant admits the allegations of paragraph fourteen of Plaintiff's Complaint.

15.   Defendant admits the allegations of paragraph fifteen of Plaintiff's Complaint.

16.   Defendant admits the allegations in paragraph sixteen of Plaintiff's Complaint that states "A police dog was led by Estes' room. The dog showed interest outside of the room." Defendant denies the remaining allegations of paragraph sixteen of Plaintiff's Complaint.

17.   Defendant denies the allegations of paragraph seventeen of Plaintiff's Complaint.

18.   Defendant denies the allegations of paragraph eighteen of Plaintiff's Complaint.

19. Defendant denies the allegations of paragraph nineteen of Plaintiff's Complaint.

20. Defendant admits the allegations of paragraph twenty of Plaintiff's Complaint and would add that Plaintiff volunteered, without any urging from Defendant, that Plaintiff was in possession of recreational-use marijuana.

21. Defendant denies the allegations of paragraph twenty-one of Plaintiff's Complaint.

22. Defendant denies the allegations of paragraph twenty-two of Plaintiff's Complaint.

23. Defendant admits the allegations in paragraph twenty-three of Plaintiff's Complaint that states "Kurup searched Estes [sic] room and belongings" and Defendant further states that Defendant believed he had received consent to do so. Defendant denies the remaining allegations of paragraph twenty-three of Plaintiff's Complaint as Estes was not immediately arrested following the search, but was to be removed from the train for violating Amtrak's firearms policy. The arrest only came after it was learned that Plaintiff was a felon in possession of a firearm.

24. In response to paragraph twenty-four of Plaintiff's Complaint: Objection, any prior finding in criminal proceedings may not be used as conclusive evidence or under the doctrine of issue and/or claim preclusion against Defendant. Referring to any criminal proceeding in which Defendant was not a party is therefore inappropriate, prejudicial, and unwarranted.

25. Defendant denies the allegations of paragraph twenty-five of Plaintiff's Complaint.

26. Defendant denies the allegations of paragraph twenty-six of Plaintiff's Complaint which states "Pursuant to Kurup' [sic] unlawful search." Defendant admits the allegations of paragraph twenty-six of Plaintiff's Complaint which states "the Plaintiff was held at the Washoe County Jail for approximately 1 year and 1 month until his release in mid April of 2016." Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-six of Plaintiff's Complaint and therefore denies the same on that

basis.

## Claim for Relief

## Unlawful Search and Seizure in Violation of the Fourth Amendment

27. Defendant incorporates all of his answers to the preceding paragraphs as if fully set forth herein.

28. Defendant denies the allegations of paragraph twenty-eight of Plaintiff's Complaint.

29. Defendant denies the allegations of paragraph twenty-nine of Plaintiff's Complaint.

30. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph thirty of Plaintiff's Complaint and therefore denies the same on that basis.

31. Defendant denies the allegations of paragraph thirty-one of Plaintiff's Complaint.

32. Defendant denies the allegations of paragraph thirty-two of Plaintiff's Complaint.

33. Defendant denies the allegations of paragraph thirty-three of Plaintiff's Complaint.

34. Defendant denies the allegations of paragraph thirty-four of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. This Court lacks jurisdiction of the subject matter and/or over the Defendant.

3. If Defendant is a state actor and/or acted under color of state and/or federal law, Defendant is entitled to qualified immunity because his actions were not taken in clear violation of any right protected by the United States Constitution or other applicable law and because Defendant's actions were reasonable under the circumstances known and appreciated by the Defendant at the time and because Defendant's actions were taken in good faith, believing that such actions did not violate any of Plaintiff's rights.

4. Plaintiff's Complaint is subject to dismissal because Plaintiff has failed to join a necessary and indispensable party in accordance with Fed.R.Civ.P. 19.

5. Defendant contends that Defendant's actions, if found illegal, were excused because Plaintiff consented to such actions.

6. Plaintiff is not entitled to recover special and/or punitive damages against Defendant because Plaintiff has failed to plead with particularity the circumstances that would support the award of such special and/or punitive damages and Plaintiff has failed to plead the special damages specifically, as required under Fed.R.Civ.P. 9(g).

7. Plaintiff's Complaint should be dismissed as violative of proscribed statutes of limitation.

8. Defendant is entitled to absolute immunity.

9. Plaintiff is not entitled to recover attorney's fees or costs of suit.

10. With respect to any state law claims stated in this Complaint, Defendant is entitled to discretionary act immunity.

11. Plaintiff's own conduct caused or contributed to cause any alleged injuries.

12. Plaintiff has failed to mitigate damages.

13. Defendant reserves his right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by virtue of his Complaint on file herein;

3. That Plaintiff is only entitled to nominal damages, if any, under the circumstances of this case;

4.  That costs of suits and attorney's fees be awarded to Defendant; and

5.  That the court grant any and all other relief to the Defendant that the Court deems just and proper under the circumstances.

<u>JURY TRIAL DEMANDED</u>

Defendant demands a jury trial.

DATED this 23rd day of June, 2016.

        MOORE LAW GROUP, PC

        By _____
        John D. Moore, Esq.
        Nevada State Bar No. 8581
        3715 Lakeside Drive, Suite A
        Reno, NV 89509
        (775) 336-1600 telephone
        (775) 336-1601 fax
        john@moore-lawgroup.com

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Moore Law Group, PC, that I am over the age of 18 and not a party to the above-referenced case, and that on June 23, 2016, I filed and served the Answer as indicated:

__X__    **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States District Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

- luke@lukeandrewbusbyltd.com

___    **BY HAND DELIVERY VIA COURIER**: by causing hand delivery of the Document listed above via courier service to the persons at the addresses set forth below.

___    **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on 23 June 2016, with postage thereon fully prepaid in the ordinary course of business.

DATED: June 23, 2016.

_____
An Employee of Moore Law Group, PC