Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAUN JERMAINE ESTES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMTRAK POLICE DETECTIVE MADHU KURUP,<br><br>　　　　Defendant. | Case No.: 3:16-cv-00272-MMD-WGC<br><br>**CASE MANAGEMENT REPORT** |

COMES NOW, SHAUN JERMAINE ESTES ("Plaintiff" or "Estes") and AMTRAK POLICE DETECTIVE MADHU KURUP ("Defendant" or "Kurup"), by and through the undersigned counsel, and hereby file the following Case Management Report pursuant to the Court's June 27, 2016 Minute Order.

*(a) A short statement of the nature of the case (three pages or less), including a description of each claim and defense*

　　　　**1.**　　　　**Estes makes the following allegations of fact and claims in this case:** On December 4, 2014, in Reno, Nevada, Kurup contacted Estes while he was on the Amtrak train platform smoking a cigarette and talking on his cell phone. Estes was traveling by train from his home in Arkansas to Oakland, California to visit family members for the holidays. Kurup reviewed passenger booking

records for the train that Estes was traveling on and found that Estes' one-way ticket had been purchased with a credit card in another person's name. Kurup considered this to be an indicator of an intent to transport illegal contraband and/or profits made from the sales of illegal contraband. During a stop of the train at the station in Reno, Kurup approached Estes on the train platform and directed Estes to get off the phone. Estes complied. Kurup then asked Estes for consent to search his room and belongings. Estes refused. Kurup then told Estes that a police dog would be deployed in the area of Estes' room on the train and if the dog gave a positive alert, Estes' belongings would be seized and a search warrant would be obtained. A police dog was led by Estes' room. The dog showed interest outside of the room, but did not alert at Estes' room. Kurup knew that he could not seize Estes' belongings and obtain a search warrant due to the lack of a positive alert by the dog. Kurup did not advise Estes that the dog had not alerted on Estes' room. Kurup told Estes that the dog had shown interest in Estes' room. Kurup has claimed that Estes orally consented to the search of his room and belongings. Estes did not give Kurup consent to search his room and belongings at any time. At no time was Estes told of his right to refuse consent. Kurup searched Estes' room and belongings and Estes was arrested. On April 18, 2016, the Honorable Judge Hicks issued an Order in UNITED STATES OF AMERICA v. SHAUN JERMAINE ESTES, in Case No. 3:15-CR-00015-LRH-VPC, dismissing an indictment against Estes and concluding that a clear lack of probable cause existed for Kurup's search of Estes' room and belongings. Pursuant to Kurup's unlawful search, the Plaintiff was held at the Washoe County Jail for approximately 1 year and 1 month until his release in mid-April of 2016. During this time, the Plaintiff lost his home and almost all of his belongings because he was evicted from his apartment in Arkansas and was unable to retrieve his belongings.

**2. Kurup claims the following defenses to Estes' claims: (1) Plaintiff has failed to state a claim upon which relief can be granted; (2) This Court lacks jurisdiction of the subject**

matter and/or over the Defendant; (3) If Defendant is a state actor and/or acted under color of state and/or federal law, Defendant is entitled to qualified immunity because his actions were not taken in clear violation of any right protected by the United States Constitution or other applicable law and because Defendant's actions were reasonable under the circumstances known and appreciated by the Defendant at the time and because Defendant's actions were taken in good faith, believing that such actions did not violate any of Plaintiff's rights; (4) Plaintiff's Complaint is subject to dismissal because Plaintiff has failed to join a necessary and indispensable party in accordance with Fed.R.Civ.P. 19; (5) Defendant contends that Defendant's actions, if found illegal, were excused because Plaintiff consented to such actions; (6) Plaintiff is not entitled to recover special and/or punitive damages against Defendant because Plaintiff has failed to plead with particularity the circumstances that would support the award of such special and/or punitive damages and Plaintiff has failed to plead the special damages specifically, as required under Fed.R.Civ.P. 9(g); (7) Plaintiff's Complaint should be dismissed as violative of proscribed statutes of limitation; (8) Defendant is entitled to absolute immunity; (8) Plaintiff is not entitled to recover attorney's fees or costs of suit; (9) With respect to any state law claims stated in this Complaint, Defendant is entitled to discretionary act immunity; (10) Plaintiff's own conduct caused or contributed to cause any alleged injuries; (11) Plaintiff has failed to mitigate damages; (12) Defendant reserves his right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate. Defendant further objects to any reliance upon the criminal proceedings against Plaintiff, including any reliance upon any order that suggests that Plaintiff was the subject of an illegal search, because Defendant was not a party to criminal proceedings raised against Plaintiff. Any order in the criminal proceedings is not binding upon Defendant. Should

Plaintiff file a motion requesting that the criminal proceedings are binding against Defendant, Defendant will strongly oppose such motion.

*(b) A description of the principal factual and legal disputes in the case*

3.    Estes believes that the principal factual disputes at issue are as follows: (1) whether Kurup obtained Estes' consent before searching his room; (2) whether Kurup's account of the circumstances surrounding the search of Estes is truthful; (3) the amount of damages owing to Estes should Estes prevail on his claim.

4.    Kurup believes that the principal factual and legal disputes at issue are as follows: (1) whether Kurup is entitled to qualified immunity; (2) whether Kurup obtained consent to search Estes' belongings, either implied or direct; (3) whether Estes' account of the circumstances surrounding the search is truthful; (4) whether other witnesses to be called by Estes are being truthful; (5) the factual accuracy of phone records from Estes and others; (6) the nature and extent of damages, if any; (7) whether Kurup's actions arise to the level to support an award of punitive damages; (8) Estes' knowledge of Amtrak's firearms policy; (9) Estes' carrying on to the train of a firearm and a small amount of marijuana; (10) the purpose for and nature of Estes' trip to California and the circumstances surrounding that trip.

*(c) The jurisdictional basis for the case, citing specific jurisdictional statutes*

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this case arises under federal law, specifically, 42 USC 1983 and the Fourth Amendment to the United States Constitution.

*(d) Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared*

6.    All parties have been served.

*(e) A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference)*

7. The parties do not expect that additional parties will be added to this case. The Court has set a due date for amending pleadings in the Scheduling Order.

*(f) A list of contemplated motions and a statement of issues to be decided by these motions*

8. Estes may file a motion for summary judgment in this matter on the issue of liability for his claim, depending on the facts that are established during discovery. Estes will seek that the Court determine whether there is a genuine issue of material fact as to whether Kurup conducted an illegal search of Estes. Estes is also contemplating filing motions in limine to seek to have the Court address issues of the admissibility of the events that occurred after Kurup's search of Estes.

9. Kurup will likely file a motion for summary judgment regarding qualified immunity in this case and other appropriate defenses that shield Kurup from liability. Kurup will file various motions in limine related to the criminal proceedings and their effect on the introduction of evidence in this matter.

*(g) Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions*

10. There are no such pending motions.

*(h) The status of related cases pending before other courts or other judges of this court*

11. There are no such related cases.

*(i) Any further supplemental discussion of necessary discovery*

12. The Court has approved the Proposed Scheduling Order of the parties. At this time, the parties do not believe that any supplemental discovery will be necessary.

*(j) A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (see Rules 16(b)(5), 26(f)(3); and 33(d))*

13. The parties do not believe that any ESI issues exist or will exist in this case.

*(k) A discussion of any issues related to claims of privilege or work product (see Rules 16(b)(3)(B)(iv) and 26(f)(3)(D))*

14. The parties do not believe that any issues related to claims or privilege or work product exist or will exist in this case.

*(l) Unless the Court has already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule 26-1*

15. The Court approved the Proposed Scheduling Order of the parties.

*(m) If this is a patent case, the parties shall review the Local Rules of Practice for Patent Cases LR 16.1-1 through 16.1-21 and include proposed dates for all required disclosures, statements, and claim construction briefing pursuant to the attached chart*

16. This is not a patent case.

*(n) Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons)*

17. The Defendant has demanded a jury trial in this case. This request will not be contested.

*(o) The estimated length of trial and any suggestions for shortening the trial*

18. The parties estimate that a trial in this matter will be a week in length.

*(p) The prospects for settlement, including any request of the court for assistance in settlement efforts*

19. The parties may seek the assistance of the Court in conducting a settlement conference in this matter at a future date.

*(q) Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1. Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this Court's Local Rules to minimize the expense of discovery*

20. There are no other matters that the parties need to bring to the Court's attention at this time.

Respectfully submitted,

Dated: 7-26-16

By: _____
Luke Andrew Busby, Esq.
luke@lukeandrewbusbyltd.com
Luke Andrew Busby, Ltd.
216 East Liberty Street
Reno, Nevada 89501
(775) 453-0112

*Attorney for Plaintiff*

Dated: 7/25/2016

By: _____
John D. Moore, Esq.
MOORE LAW GROUP, PC
3715 Lakeside Dr. Suite A
Reno, NV 89509
775-336-1600
john@moore-lawgroup.com

*Attorney for the Defendant*